IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **HAKEEM JAMAR GERMANY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00450 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Hakeem Jamar Germany, Pro Se Petitioner.*

The petitioner, Hakeem Jamar Germany, a Virginia inmate proceeding pro se, filed a petition which the court construed and docketed as arising under 28 U.S.C. § 2254, challenging his confinement. The court directed Germany to file a proper § 2254 petition if he wished to proceed with the action under that statute, and he has now done so. After review of the petition, I find it appropriate to summarily dismiss the petition without prejudice, because Germany has not exhausted available state court remedies as required.[1]

Germany initially faced a charge of first degree murder and several related firearms charges. In June 2014, pursuant to a written plea agreement, he pleaded guilty or no contest in the Circuit Court for the City of Roanoke to an amended

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

charge of involuntary manslaughter, discharge of a firearm in a public place, and shooting from an occupied vehicle. The court sentenced Germany to a total of twenty-five years in prison, suspended after he has served seven years.

Germany petitioned this court for habeas corpus relief in August 2014. Initially, he alleged that his trial counsel provided ineffective assistance during the plea negotiations. In his amended petition under § 2254, he also asserts that he asked his attorney to appeal, but the attorney failed to do so. Germany states that he has not presented his current claims to the state courts in habeas corpus proceedings. Online court records verify that Germany did not appeal and has not pursued habeas relief in the state courts.

Under 28 U.S.C. § 2254(b)(1)(A), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding exhaustion requires seeking review of habeas claims in highest state court before bringing § 2254 petition in federal court). Germany's submissions do not indicate that he has presented his claims of ineffective assistance to any state court. Although his opportunity to file a direct appeal has expired, Germany could file a habeas corpus petition in the circuit court where he was sentenced, with a subsequent appeal to the Supreme Court of Virginia, or he could file a habeas petition directly in the Supreme Court of Virginia. *See* Va.

Code Ann. § 8.01-654. In habeas corpus proceedings in the state court, he could also seek a belated direct appeal based on his allegations of ineffective assistance in that regard.

Because Germany has available state court remedies, I must dismiss his § 2254 petition without prejudice.[2] *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

A separate Final Order will be entered herewith.

DATED: September 12, 2014

/s/ James P. Jones
United States District Judge

---

[2] Germany is advised that dismissal of this petition without prejudice leaves him free to file a new § 2254 petition here, if warranted, after he has exhausted his state court remedies and has received a ruling on his claims from the Supreme Court of Virginia. *But see* 28 U.S.C. § 2244(d) (setting time limits for filing a § 2254 petition).